# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

January 31, 2007

Donald M. Doherty, Jr.
Friedman Doherty, LLC
125 North Route 73
West Berlin, NJ 08091

    (*Attorney for Donna Pace*)

Susan Handler-Menahem
Assistant U.S. Attorney
U.S. Department of Justice
District of N.J., Civil Division
970 Broad Street, Room 502
Newark, NJ 07102

    (*Attorney for Michael O. Leavitt*)

    **RE:**    **Donna Pace v. Michael O. Leavitt,** *Secretary,*
            *United States Department of Health and Human Services*,
            **Civ. No. 06-2925 (WJM)**

Dear Counsel:

    This matter comes before the Court on Plaintiff Donna Pace's appeal of two orders entered by Magistrate Judge Ronald J. Hedges, (1) Judge Hedges' orders granting the U.S. Attorney's motion to replace the named Defendant, Riverbend Government Benefits Administrator, Inc. ("Riverbend"), with Michael O. Leavitt, Secretary of the U.S. Department of Health and Human Services (the "Secretary"), and (2) Judge Hedges' order denying Plaintiff's

subsequent motion for reconsideration on that same issue.  The Court heard oral arguments on January 23, 2007.  For the reasons expressed herein, Plaintiff's appeal is **DENIED** and Judge Hedges' decisions substituting the Secretary as Defendant and denying Plaintiff's motion for reconsideration are **AFFIRMED**.

## BACKGROUND

An exhaustive summary of the procedural history is unnecessary for purposes of this motion, but the Court will briefly recount the relevant facts and events.  Plaintiff Donna Pace, a Medicare beneficiary, originally filed this action on behalf of herself and all similarly situated persons in New Jersey Superior Court in May 2006.  Plaintiff's suit alleged that Riverbend, a private insurance company which acts as an agent of the Secretary in administering the Medicare program in New Jersey, sent Plaintiff correspondence that violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (the "FDCPA").  The challenged correspondence is a Riverbend cover letter, which was sent to Plaintiff along with a standard Medicare demand letter[1] in an attempt to recover a Medicare overpayment made to Plaintiff from the Medicare Trust Funds.

The Secretary, acting on behalf of Riverbend, removed the action to this Court, and simultaneously filed a motion to be substituted for Riverbend pursuant to Fed. R. Civ. P. 17, or, in the alternative, to intervene pursuant to Fed. R. Civ. P. 24(a).  The Secretary argued that because the suit involves Riverbend's actions in administering the Medicare program as an agent of the Secretary, the Secretary is the real party in interest.

On July 11, 2006, Judge Hedges entered an order substituting the Secretary as Defendant.  After Plaintiff objected that the order had been entered both before the return date and before Plaintiff's opposition was due, Judge Hedges held oral argument on July 13.  That same day, Judge Hedges entered another order substituting the Secretary as Defendant.  Plaintiff filed a motion for reconsideration, which Judge Hedges denied without opinion on September 12, 2006.  The instant appeal followed.

## DISCUSSION

**I.     Standard of Review**

A district court may reverse a Magistrate Judge's order if it finds the ruling clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D.N.J. Civ. R. 72.1(c)(1)(A).  The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law.  *Haines v.*

---

[1]     Counsel for Plaintiff confirmed at oral argument that Plaintiff does not assert any defects with the standard Medicare demand letter she received, but only with the Riverbend cover letter that accompanied it in the mail.

*Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).  "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

## II.  The Secretary is the Real Party in Interest

Pursuant to 42 C.F.R. § 421.5(b), because intermediaries such as Riverbend act on behalf of the Center for Medicare Services ("CMS") in carrying out certain administrative responsibilities that the law imposes, their contracts include clauses providing for indemnification for actions taken on behalf of CMS, and "CMS is the real party of [sic] interest in any litigation involving the administration of the program."

It is clear from the complaint in this matter that Riverbend's actions in seeking to collect the Medicare overpayment from Plaintiff were undertaken as part of its duties as a third-party administrator of the Medicare program.  *See* Compl. ¶ 5.  Riverbend sent the challenged correspondence to Plaintiff as an agent of the government, on the government's behalf, carrying out administrative responsibilities imposed upon it by law and by contract.  *See* 42 U.S.C. §§ 1395h(a), 1395gg; 42 C.F.R. §§ 405.350–405.359, 42 C.F.R. 421.100(h).

The instant suit is, therefore, essentially a suit against the United States, and the Secretary is the real party in interest.  *See* 42 C.F.R. § 421.5(b); *C. Jack Friedman, Ph.D. & Assocs. v. Pa. Blue Shield*, 836 F. Supp. 263, 264, 265 n.2 (E.D. Pa. 1993), *aff'd*, 30 F.3d 1486 (3d Cir. 1994) (stating that although Blue Shield, a Medicare carrier, was the named defendant, the United States was the real party in interest under § 421.5(b) because the action involved Blue Shield's administration of the Medicare Program); *Schwartz v. Medicare*, 832 F. Supp. 782, 783 n.1 (D.N.J. 1993) ("Although the named defendant in this case is Medicare, pursuant to 42 C.F.R. § 421.5(b), the United States is the real party in interest in any matter involving the administration of the Medicare Program.").

The Court necessarily applies § 421.5(b) in the context of the contractual relationship between the government and Riverbend in this case,[2] and notes that the substitution of the Secretary as defendant would not be appropriate under every conceivable set of facts or claims against a Medicare intermediary.  For example, Article XI of the contract here specifies that the United States will indemnify Riverbend for certain actions taken on behalf of the United States, but requires Riverbend to reimburse the United States for the amount of any valid judgment or award that was the direct consequence of any conduct by Riverbend "determined by judicial proceedings or the agency making the award to be criminal in nature, fraudulent, or grossly

---

[2] The contract is attached as Exhibit B to the Certification of Donald M. Doherty, Jr., filed with Plaintiff's appeal.

negligent."[3]  Therefore, if the complaint in this case alleged the type of criminal, fraudulent or grossly negligent conduct for which the Secretary was not required to indemnify Riverbend, then the Secretary would not be the "real party in interest."  However, the acts and omissions alleged in this complaint clearly do not rise to the level of criminal, fraudulent or grossly negligent activity that would prevent the Secretary from indemnifying Riverbend.[4]

In sum, this Court cannot find that Judge Hedges' decisions regarding the Secretary's motion for substitution were clearly erroneous or contrary to law.

### CONCLUSION

For the foregoing reasons, Judge Hedges' orders substituting the Secretary as Defendant and denying Plaintiff's motion for reconsideration are hereby **AFFIRMED**. An appropriate order accompanies this Letter Opinion.

    s/William J. Martini
**William J. Martini, U.S.D.J.**

---

[3]  The Court notes that Congress recently codified a qualified immunity for Medicare intermediaries in the Medicare Prescription Drug, Improvement and Modernization Act, at 42 U.S.C. § 1395kk-1. The Act did not become effective until October 2005 — after the relevant events in this case — and it does not apply retroactively.  However, the Court finds the new statutory language helpful in analyzing the issues presented here.

Section 1395kk-1 provides, in relevant part, that where a Medicare contractor is "made a party to any judicial or administrative proceeding arising from or relating directly to the claims administration process," then the Secretary may provide indemnification, <u>unless</u> "the liability for such costs arises directly from conduct that is determined by the judicial proceeding or by the Secretary to be *criminal in nature, fraudulent, or grossly negligent*." (Emphasis added.)  In the Court's view, this language helps to clarify Congress's understanding of the relationship between Medicare intermediaries and the federal government.

[4]  Specifically, Plaintiff alleges that Riverbend's letter ran afoul of the FDCPA by failing to reference that it was attempting to collect a debt in violation of 15 U.S.C. § 1692e(11); failing to provide a statement of debt validation rights pursuant to 15 U.S.C. §§ 1962g(a)(3) and/or (4); and utilizing letterhead creating the impression that the correspondence was issued or approved by a government agency, in violation of 15 U.S.C. § 1692e(9).   Because the FDCPA is generally a strict liability statute, establishing the violations alleged here would not involve either the *mens rea* or factual elements that would be required if the allegations rose to the level of, for example, common law fraud or gross negligence.